**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JONATHAN CERRETA,<br>Plaintiff,<br>v.<br>CRYSTAL CRUISES USA, LLC, ABERCROMBIE & KENT TRAVEL GROUP, A&K TRAVEL GROUP, GLEN ROTHE, MATIAS LIRA, and DOES 1 to 100, inclusive,<br>Defendants. | Case No.: 26cv3354-W-DDL<br><br>**ORDER: (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS AND STRIKE [DOCS. 5, 6] WITH LEAVE TO AMEND; AND (2) DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME AND LEAVE TO AMEND [DOCS. 12, 13]** |

Before the Court are Defendant Crystal Cruises USA, LLC, A&K Travel Group, Glen Rothe, and Matias Lira's (collectively "Defendants") motions to dismiss and strike portions of Plaintiff's complaint[1]. (Docs. 5, 6.) Plaintiff did not oppose either motion by the briefing deadline but subsequently requested an extension of time to oppose the

---

[1] Defendants filed identical motions to dismiss and strike on two consecutive days. (See Docs. 3, 4, 5, 6.) The original motions contained an attorney's signature that differed from the name of the filing attorney. (*Id*. at 3, 4.) Defendants refiled the motions the following day with the filing attorney's name. (*Id*. at 5, 6.) The Court construes the later-filed motions as superseding the original motions. Accordingly, the original motion to strike (Doc. 3) and motion to dismiss (Doc. 4) are **TERMINATED** as **MOOT**.

motion to dismiss and leave to amend the complaint[2]. (Doc. 13.) The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, the Court **GRANTS** Defendants' motions to dismiss and strike **WITH LEAVE TO AMEND**. (Docs. 5, 6.) The Court further **DENIES IN PART** and **GRANTS IN PART** Plaintiff's motion for an extension of time and leave to amend. (Doc. 13.)

## I. Background

Plaintiff filed this action in San Diego Superior Court, alleging several causes of action arising from the termination of his employment. (Doc. 1.) Defendants removed the action to this Court based on diversity jurisdiction. (*Id.*) Defendants subsequently filed motions to dismiss and strike portions of Plaintiff's complaint, which were initially set with a hearing date for July 13, 2026. (Docs. 5, 6.) As such, any opposition was due June 29, 2026. (*See id.*) On June 26, 2026, however, the parties jointly moved to continue the hearing dates. (Doc. 7.) The Court granted the motion and continued the hearing dates to August 17, 2026, making Plaintiff's oppositions due August 3, 2026. (Doc. 8.) On July 10, 2026, new counsel appeared on behalf of Plaintiff, and Plaintiff's prior counsel withdrew. (Docs. 9–11.) Plaintiff did not file either opposition by the deadline.

On August 19, 2026, Plaintiff filed a motion that was incorrectly labeled as a motion to remand with a hearing date of the same day. (*See* Doc. 12.) On September 17, 2026, Plaintiff filed a motion seeking leave to file a first amended complaint and an extension of time to oppose Defendants' motion to dismiss based on excusable neglect, citing confusion arising from the change in counsel. (Doc. 13.) Defendants filed a

---

[2] Plaintiff filed an identical motion on August 19, 2026, but incorrectly labeled it as a motion to remand and listed the filing date as the hearing date. (*See Doc*. 12.) The Court construes the later-filed motion (Doc. 13) as superseding the original motion. Accordingly, the original motion (Doc. 12) is **TERMINATED** as **MOOT**.

response in opposition. (Doc. 14.) Plaintiff has not requested an extension of time to oppose Defendants' motion to strike.

## II. LEGAL STANDARD

A pleading can be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is only appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pac. Police Depot*, 901 F.2d 696, 699 (9th Cir. 1988). At the motion to dismiss phase, the allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Courts have broad discretion to grant leave to amend a complaint. *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020). A court should grant leave to amend unless the plaintiff could not possibly cure defects in the pleading. *Knappenberger v. City of Phoenix*, 556 F.3d 936, 942 (9th Cir. 2009) (*quoting Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)).

## III. DISCUSSION

The Ninth Circuit has recognized that a district court may properly grant a motion to dismiss based on a party's failure to oppose the motion pursuant to a local rule. *See*

*generally Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to file timely opposition papers where the plaintiff had notice of the motion and ample time to respond). *See also* Civil Local Rule 7.1(f)(3)(c) provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."

Here, Plaintiff failed to timely oppose either of Defendants' motions. This failure was compounded given the Court's previous extension of time of the hearing date. The Court therefore **GRANTS** Defendants' motion to dismiss and motion to strike. However, because Plaintiff has not previously amended the complaint, the Court will grant Plaintiff leave to amend the complaint in its entirety.

## IV. CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** Defendants' motion to dismiss (Doc. 5) and motion to strike (Doc. 6), with **LEAVE TO AMEND**. The Court further **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion (Doc. 13). Specifically, the Court **GRANTS** Plaintiff's request for leave to amend and **DENIES AS MOOT** Plaintiff's request for an extension of time to oppose Defendants' motion to dismiss. Plaintiff shall file an amended complaint no later than **October 28, 2026**.

**IT IS SO ORDERED.**

Dated: October 15, 2026

Hon. Thomas J. Whelan
United States District Judge